```
                    UNITED STATES DISTRICT COURT
                 FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
```

ROBERT J. PALETTA,                   :
                                     :CIVIL ACTION NO. 3:12-CV-1754
           Plaintiff,                :
                                     :(JUDGE CONABOY)
           v.                        :
                                     :
CAROLYN W. COLVIN,[1]                :
Acting Commissioner of               :
Social Security,                     :
                                     :
           Defendant.                :
                                     :

---

## **MEMORANDUM**

Here we consider Plaintiff's appeal from the Commissioner's partial denial of Disability Insurance Benefits under Title II of the Social Security Act ("Act"). (Doc. 1.) The Administrative Law Judge ("ALJ") who evaluated the claim found that Plaintiff was disabled as of December 31, 2008, his last date insured, rather than as of the alleged onset date of August 1, 2007. (R. 25-26.) Plaintiff claims this is error, and the Court should reverse the decision and award benefits accordingly. (Doc. 1.) For the reasons discussed below, we conclude Plaintiff's claimed error is without merit and, therefore, we deny his appeal of the Commissioner's decision.

## **I. Background**

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin should be substituted for Michael J. Astrue as the defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

On January 6, 2009, Plaintiff filed applications for Title II Disability Insurance benefits ("DIB") and Title XVI Supplemental Security Income ("SSI"). (Doc. 6 at 1.) Plaintiff, whose date of birth is December 18, 1954, first asserted that he became unable to work on December 1, 2003, (R. 159) and later amended the onset date to August 1, 2007. (R. 138.) For DIB purposes, Plaintiff remained insured through December 31, 2008. (R. 18.) He listed the illnesses, injuries, or conditions that limited his ability to work as "herniated discs in lower back." (R. 184.)

Plaintiff's SSI application was approved at the initial level with an onset date of January 6, 2009--the date of the application. (Doc. 6 at 2.) The disability insurance application was denied at the initial level and was referred to an ALJ for a hearing following Plaintiff's appeal of the initial decision. (*Id.*)

The hearing was held on July 20, 2010. (R. 35.) The issue at the hearing was the onset date of disability for purposes of Disability Insurance Benefits with Plaintiff claiming an onset date of August 1, 2007.[2] (R. 37-42.) Plaintiff and his counsel agreed there were no treatment records for the years 2007 and 2008. (R. 46, 48-49.) The reason given was Plaintiff's lack of medical coverage. (*Id.*) Plaintiff testified that he managed the pain with Advil and cold packs. (R. 49.) He used a cane to help him get

---

[2] In DIB cases, disability may be paid for as many as twelve months before the month an application is filed. SSR-83-20, 1983 WL 31249, at *1 (S.S.A.). DIB are also subject to a five-month waiting period as set out in 42 U.S.C. § 423. In SSI cases, there is no retroactivity of payment. *Id.*

2

around and did exercises recommended by his brother-in-law who is a physical therapist. (R. 50.) Plaintiff further testified that, during the relevant time period, he drove a car locally, he did not do any strenuous work, he was able to dress and take care of himself, and he did simple household chores. (R. 51-54.) When Plaintiff's attorney asked him if his symptoms were as bad in 2007 and 2008 as they were in 2009, Plaintiff responded that "[i]t wasn't as bad, but it was, it was bad." (R. 55-56.) Plaintiff explained that he was extremely stiff when he got up in the morning and had pain radiating down his right leg in 2007 and 2008. (R. 56.)

A discussion occurred toward the end of the hearing between the ALJ and Plaintiff's counsel regarding appointment of a medical advisor for determination of the disability onset date. (R. 63-66.) Plaintiff's counsel requested the ALJ to use a medical expert to determine the onset date. (R. 66.) The ALJ ultimately appointed Dr. John Menio pursuant to SSR 82-30. (Doc. 6 at 3; R. 25.)

On September 17, 2010, the ALJ issued a partially favorable decision. (R. 18-27.) The ALJ found that "[b]eginning on December 31, 2008, the severity of the claimant's impairments has medically equaled the criteria of section 1.04 of 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525 and 404.1526)." (R. 25.) In support of this conclusion, the ALJ provided the following analysis:

> The claimant has a number of medical

problems, including, lumbar back pain, herniated discs of lumbar spine and spinal stenosis with radiculopathy. These impairments are severe insofar as they have caused nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss or atrophy with associated muscle weakness accompanied by sensory or reflex loss and positive straight leg raising tests results.

In reaching this conclusion, the undersigned finds that beginning on December 31, 2008, the claimant's allegations regarding his symptoms and limitations are generally credible.

On July 30, 2010 Dr. John Menio, M.D. in response to a Medical Interrogatory gave his opinion that claimant equals the listing 1.04A with a herniated disc of the lumbar spine and spinal stenosis with radiculopathy. He further opines that the earliest date claimant equaled this listing was "prior to 1/7/09" as per "Dr. Kumar's note of 1/12/10 initial evaluation of pain in his lower back for past 14 years" (Exhibit 9F).

In follow up questions to the Medical Interrogatories in August of 2010 Dr. Menio opined that he does not reasonably believe the listing equivalence would have existed for the past 14 years due to there not being any medical evidence to support this period. However, he did opine that claimant's impairment equivalency would "likely have existed prior to August 1, 2007", but he failed to indicate what evidence he was relying on to substantiate this opinion (Exhibit[] 10F).

The opinion that claimant equals a listing "prior to 1/7/09" is given significant weight. The undersigned is willing [to] set the established onset date to December 31, 2008 so as claimant can be disabled under Title II on the date he was last insured due specifically to the opinion of Dr. Menio that claimant equaled the listing prior to January 7, 2009 and was

4

"likely" to equal the listing back to August 1, 2007. While there [is] no medical evidence to support an established onset all the way back to August 2007, the undersigned does find there to be a reasonable and sufficient support to set the established onset on December 31, 2008, which is only seven days prior to January 7, 2009. Clearly if claimant's back equaled a listing as of January 7, 2009 then it is not entirely unreasonable, nor unfounded to presume that just seven days prior, on December 31, 2008 his back would likely have been in the same physical condition and thus equaling the listing as of seven days prior. In addition, claimant's treating physician Dr. Van Der Sluis opined in accordance with the undersigned's finding. He opined claimant was completely and permanently disabled as of December 31, 2008 from any work (Exhibit 6F).

As to the basis for reaching further back in time, in the absence of any clear evidence of some treatment, x-rays, MRIs, clinical visits or some indication of medical attention for the low back problem that would sustain a finding of a severe, *medically* determinable impairment[], there is no evidentiary foundation upon which [to] lay a logical bridge to a 2007 onset of disability from the evidence present in this record. Simply put, while the treating physician opined that the claimant's listing level severity existed as of December 31, 2008, and subsequently a reviewing medical consultant initially opined that the condition was present at that severity prior to January 7, 2009, the subsequent extension of this opinion by the reviewing, non-treating physician to a timeframe in 2007 upon follow-up inquiry by the claimant's counsel, does not rest on any supportable medical information in the record, that would have been contemporaneous or near contemporaneous with the 2007 timeframes. Therefore, the undersigned is able to find that disability is established prior to December 31, 2008, but not going back as far as August 1, 2007.

> Based upon the above and all of the
> medical evidence of record, the undersigned
> finds that claimant equaled the listing 1.04A
> as of December 31, 2008.

(R. 25-26.)

The ALJ therefore determined that "[b]ased on the application for a period of disability and disability insurance benefits protectively filed on January 6, 2009, the claimant has been disabled under sections 216(i) and 223(d) of the Social Security Act beginning on December 31, 2008." (R. 26.)

On October 12, 2010, Plaintiff filed a timely request with the Social Security Administration Appeals Council for review. (R. 12-13.) In a Notice dated July 23, 2012, the Appeals Council denied Plaintiff's Request for Review (R. 1-5), making the ALJ's decision the decision of the Commissioner.

Plaintiff filed this action on September 4, 2012. (Doc. 1.) He filed his brief in support of the appeal on December 31, 2012, in which he asserts the ALJ improperly assessed the evidence and wrongly determined Plaintiff was not disabled as of August 1, 2007. (Doc. 1 at 2.) Defendant filed his opposition brief on January 30, 2013. (Doc. 7.) With the filing of Plaintiff's reply brief (Doc. 8) on February 11, 2013, this matter became ripe for disposition.

## **II. Discussion**

### *A. Relevant Authority*

The Commissioner is required to use a five-step analysis to

determine whether a claimant is disabled.[3]  It is necessary for the Commissioner to ascertain: 1) whether the applicant is engaged in a substantial activity; 2) whether the applicant is severely impaired; 3) whether the impairment matches or is equal to the requirements of one of the listed impairments, whereby he qualifies for benefits without further inquiry; 4) whether the claimant can perform his past work; 5) whether the claimant's impairment together with his age, education, and past work experiences preclude him from doing any other sort of work.  20 C.F.R. §§ 404.1520(b)-(g), 416.920(b)-(g); *see Sullivan v. Zebley*, 493 U.S. 521, 110 S. Ct. 885, 888-89 (1990).

The disability determination involves shifting burdens of proof.  The initial burden rests with the claimant to demonstrate

---

[3]  "Disability" is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less that 12 months . . . ."  42 U.S.C. § 423(d)(1)(A).  The Act further provides that an individual is disabled

> only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423(d)(2)(A).

that he or she is unable to engage in his or her past relevant work. If the claimant satisfies this burden, then the Commissioner must show that jobs exist in the national economy that a person with the claimant's abilities, age, education, and work experience can perform. *Mason v. Shalala*, 993 F.2d 1058, 1064 (3d Cir. 1993).

This Court's review of the Commissioner's final decision is limited to determining whether there is substantial evidence to support the Commissioner's decision. 42 U.S.C. § 405(g); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999). A reviewing court is "bound by the ALJ's findings of fact if they are supported by substantial evidence in the record." *Plummer v. Apfel*, 186 F.3d 422, 427 (3d Cir. 1999). Substantial evidence means "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Plummer*, 186 F.3d at 427 (quoting *Ventura v. Shalala*, 55 F.3d 900, 901 (3d Cir. 1995)); *see also Chandler v. Comm'r of Soc. Sec.*, 667 F.3d 356, 359 (3d Cir. 2011). Therefore, we will not set aside the Commissioner's final decision if it is supported by substantial evidence, even if we would have reached different factual conclusions. *Hartranft*, 181 F.3d at 360 (*citing Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190-91 (3d Cir. 1986); 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . ."). "However,

even if the Secretary's factual findings are supported by substantial evidence, [a court] may review whether the Secretary, in making his findings, applied the correct legal standards to the facts presented." *Friedberg v. Schweiker*, 721 F.2d 445, 447 (3d Cir. 1983) (internal quotation omitted). An ALJ's decision can only be reviewed by a court based on the evidence that was before the ALJ at the time he or she made his or her decision. *Matthews v. Apfel*, 239 F.3d 589, 593 (3d Cir. 2001).

At the outset of our review of whether the ALJ has met the substantial evidence standard regarding the matters at issue here, we note the Third Circuit has repeatedly emphasized the special nature of proceedings for disability benefits. *See Dobrowolsky v. Califano*, 606 F.2d 403, 406 (3d Cir. 1979). These proceedings are not strictly adversarial, but rather the Social Security Administration provides an applicant with assistance to prove his claim. *Id.* "These proceedings are extremely important to the claimants, who are in real need in most instances and who claim not charity but that which is rightfully due as provided for in Chapter 7, Subchapter II, of the Social Security Act." *Hess v. Secretary of Health, Education and Welfare*, 497 F. 2d 837, 840 (3d Cir. 1974). As such, the agency must take extra care in developing an administrative record and in explicitly weighing all evidence. *Dobrowolsky*, 606 F.2d at 406. Further, the court in *Dobrowolsky* noted "the cases demonstrate that, consistent with the legislative

purpose, courts have mandated that leniency be shown in establishing the claimant's disability, and that the Secretary's responsibility to rebut it be strictly construed." *Id.*

Finally, the Third Circuit has recognized that it is necessary for the Secretary to analyze all evidence. If he has not done so and has not sufficiently explained the weight he has given to all probative exhibits, "to say that his decision is supported by substantial evidence approaches an abdication of the court's duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Dobrowolsky*, 606 F.2d at 407. In *Cotter v. Harris*, 642 F.2d 700, 705 (3d Cir. 1981), the Circuit Court clarified that the ALJ must not only state the evidence considered which supports the result but also indicate what evidence was rejected. "Since it is apparent that the ALJ cannot reject evidence for no reason or the wrong reason, an explanation from the ALJ of the reason why probative evidence has been rejected is required so that a reviewing court can determine whether the reasons for rejection were improper." *Id.* at 706-07. However, the ALJ need not undertake an exhaustive discussion of all the evidence. *See, e.g., Knepp v. Apfel*, 204 F.3d 78, 83 (3d Cir. 2000). "There is no requirement that the ALJ discuss in its opinion every tidbit of evidence included in the record." *Hur v. Barnhart*, 94 F. App'x 130, 133 (3d Cir. 2004). Only where the ALJ rejects conflicting probative evidence must he fully explain his

10

reasons for doing so. *See, e.g., Walker v. Comm'r of Soc. Sec.*, 61 F. App'x 787, 788-89 (3d Cir. 2003) (citing *Kent v. Schweiker*, 710 F.2d 110, 114 (3d Cir. 1983)). Further, the ALJ does not need to use particular language or adhere to a particular format in conducting his analysis. *Jones v. Barnhart*, 364 F.3d 501, 505 (3d Cir. 2004). "[W]here [a reviewing court] can determine that there is substantial evidence supporting the Commissioner's decision, . . . the *Cotter* doctrine is not implicated." *Hernandez v. Commissioner of Social Security*, 89 Fed. Appx. 771, 774 (3d Cir. 2004) (not precedential).

### B. *Plaintiff's Alleged Error*

As set out above, Plaintiff asserts the ALJ erred on the basis that he improperly assessed the evidence and wrongly determined Plaintiff was not disabled as of August 1, 2007. (Doc. 1 at 2.) In his supporting brief, Plaintiff presents the issue as "[w]hether the ALJ's decision should be reversed since the award of disability insurance benefits with an onset date of December 31, 2008 is not supported by substantial evidence as it directly contradicts with the impartial expert medical opinion of the SSR 83-20 medical advisor who opined Claimant was likely disabled as of August 1, 2007." (Doc. 6 at 5.) We conclude reversal is not appropriate as the ALJ's decision is supported by substantial evidence.

SSR 83-20 states that for disabilities of non-traumatic origin, "the determination of onset involves consideration of the

11

applicant's allegations, work history, if any, and the medical and other evidence concerning impairment severity." SSR 83-20, 1983 WL 31249, at *3 (S.S.A.). When precise evidence is not available and there is a need for inferences to be made, the ruling provides further guidance.

> In some cases, it may be possible, based on the medical evidence to reasonably infer that the onset of a disabling impairment(s) occurred some time prior to the date of the first recorded medical examination, e.g., the date the claimant stopped working. How long the disease may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in the particular case. The judgment, however, must have a legitimate medical basis. At the hearing, the administrative law judge (ALJ) should call on the services of a medical advisor when onset must be inferred.

*Id.* at *3.

Here the services of a medical advisor were enlisted following Plaintiff's request made at the ALJ hearing. (R. 66.) The medical advisor, John Menio, M.D., opined in the "Medical Interrogatory Physical Impairment(s)--Adults" form completed on July 30, 2010, that the "earliest date" claimant equaled the listing was "prior to 1/7/09" based on "Dr. Kumar's note of 1/12/10 'initial evaluation of pain in his lower back for past 14 years.'" (R. 301.)

Plaintiff's counsel sent Dr. Menio follow-up questions on August 9, 2010. (R. 303.) Counsel asked "Do you reasonably believe the listing equivalence would have existed for the past 14 years?". Dr. Menio responded, "Unable to go back 14 yrs. No

12

medical evidence." (*Id.*)  The next question was "If not, do you believe the Claimant's impairment equivalency would likely have existed prior to August 1, 2007?". (*Id.*)  Dr. Menio answered "yes." (*Id.*)  He did not provide any further explanation.

First, we note that nothing in SSR 83-20 or case law requires the ALJ to rely solely on a medical advisor's speculative opinion in the circumstances presented here.  We find significant the fact that the question posed by Plaintiff's counsel was somewhat ambiguous in that it did not ask whether the listing was equaled as of August 1, 2007, but whether it was "likely" equaled.  (R. 303.) The fact that Dr. Menio did not provide an explanation for his response (*id.*) is also significant in that SSR 83-20 requires more. How long an impairment "may be determined to have existed at a disabling level of severity depends on an informed judgment of the facts in a particular case.  This judgment, however, *must have a legitimate medical basis*."  SSR 83-20, 1983 WL 31249, at *3 (emphasis added).  Finally, and most importantly, the ALJ's determination is supported by evidence of record in that Plaintiff's treating physician, Dr. Ralf Van Der Sluis, stated that "Mr. Paletta has been completely and permanently disabled since 12/31/2008 for any type of work."  (R. 270.)  This assessment comports with Dr. Menio's original statement that Plaintiff's impairment equaled a listed impairment before January 7, 2009.  (R. 301.)  Thus, the ALJ had valid reasons to reject the August 1,

13

2007, disability onset date.  Because the December 31, 2008, onset date is consistent with the date identified by Plaintiff's treating physician, a finding that the ALJ's determination is based on substantial evidence is warranted.

### III. Conclusion

For the reasons discussed above, Plaintiff's appeal of the Commissioner's decision is denied.  An appropriate Order is filed simultaneously with this Memorandum.

<u>S/Richard P. Conaboy</u><br>
RICHARD P. CONABOY<br>
United States District Judge

DATED: January 13, 2014